Case 11-47438   Filed 01/27/12   Doc 39

FILED

JAN 27 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re ) Case No. 11-47438-A-13J
)
TRISHA MEJIA DONNELL, ) Docket Control No.
)
) Date:
Debtor. ) Time:
)
_____ )

**MEMORANDUM**

This chapter 13 case was filed on November 22, 2011. The petition was not accompanied by all schedules, statements, and a proposed chapter 13 plan. Consequently, the intake clerk hand-delivered to the debtor a Notice of Incomplete Fling. That Notice informed the debtor that if these documents were not filed by December 6, the case would be dismissed unless the debtor had obtained an extension of time to file the documents.

On December 6, the debtor sought and was given an extension of time to file the documents. The court extended the deadline to December 20. The court's order also required the debtor to, not only file a proposed plan, but to serve it with a motion to confirm the plan that was set for hearing on the court's chapter 13 calendar. If the documents were not filed, or if the debtor failed to serve the plan with a motion to confirm it, the order informed the debtor here case would be dismissed on the trustee's ex parte application.

The provision in the order requiring the debtor to file, serve, and set for a hearing a motion to confirm her plan was

included because, due to the extended deadline to file the plan, the trustee was unable to serve the plan when he served the notice of the meeting of creditors. When the trustee is able to include a proposed plan with the notice of the meeting of creditors, that notice also informs creditors of the deadline to object to the plan and the date of the confirmation hearing.

In this case, the notice of the meeting of creditors was served on December 8. Because the plan was not then on file, the trustee was unable to serve the plan on the creditors. Therefore, it was incumbent of the debtor to do so.

Even though the court extended the filing deadline to December 20, the debtor filed the schedules, statements, and the plan on December 9. Unfortunately, the debtor did not also serve the plan with a motion to confirm it by the December 20 deadline.

On January 11, the trustee applied for the dismissal of the case due to the debtor's failure to serve the plan with a motion to confirm. The case was dismissed on January 12.

Also on January 12, the debtor asked the court for a second extension in order to serve the plan and a motion to confirm it. Because the case had already been dismissed and because the extension was requested well after the expiration of the December 20 deadline, the court refused to grant the extension.

Now the debtor has filed two additional motions. One requesting that the court vacate the dismissal of the case, and another asking the court to impose the automatic stay. Both motions will be denied.

This case is not the first chapter 13 case filed by the debtor. With her spouse, the debtor filed a chapter 13 case,

Case No. 10-34425, on June 1, 2010. It was dismissed June 21, 2010 because all schedules, statements, and a proposed plan were not filed timely.

The debtor and her spouse filed a second chapter 13 case, Case No. 10-37489, on July 1, 2010. This time, all schedules, statements, and a plan were filed timely. And, while the plan was confirmed, the case was dismissed on July 12, 2011 because all plan payments were not made.

This case was filed on November 22. On the petition, the debtor disclosed the first case but not second case.

From this history, the court draws several conclusions that prompt it to deny the relief in the debtor's two pending motions.

First, the debtor is no stranger to this court. She had filed to earlier chapter 13 cases. Therefore, she was well aware of the deadlines for filing documents and confirming a plan.

Second, the failure to disclose the second chapter 13 case was a calculated omission. Because that case was dismissed within one year of the filing of this most recent case, 11 U.S.C. § 362(c)(3) was applicable. That is, because this earlier chapter 13 case was dismissed within the prior year, the automatic stay expired 30 days after this case was filed. While the court may extend the automatic stay beyond the 30th day, the debtor must seek and obtain an extension before the 30th day. See 11 U.S.C. § 362(c)(3)(B). The 30th day in this case was December 22.

In other words, it appears to the court that the debtor failed to disclose the second case because it was dismissed within one year of this case. By the omission the debtor

3

apparently hoped to avoid the necessity and risk of asking that the automatic stay be extended.

While the debtor has now filed a motion to impose the automatic, that motion is not based on section 362(c)(3)(B). Rather, the debtor believes the motion is necessary because her case was dismissed. If it dismissal is vacated, the debtor wants the court also to reinstate the automatic stay.

Even if the debtor's motion was based on section 362(c)(3)(B), it is too late. A motion to extend the automatic stay had to be filed and adjudicated before December 22. So, even if the court vacated the dismissal, there would be no automatic stay. There has been no automatic stay in this case since December 22.

Because there can be no automatic stay in this case, it will do no good to vacate the dismissal. The foreclosure referred to in the motion will occur whether or not the dismissal is vacated.

Finally, there is no cause to vacate the dismissal. The debtor was given fair warning that if the plan was not filed, served, and set for a confirmation hearing by December 20, the case would be dismissed. She failed to do all that was required and so her case was dismissed. At this point there is no possibility that a confirmation hearing can be convened within the time frame required by 11 U.S.C. § 1324(b).

Separate orders will be entered on the debtor's two motions.

Dated: 27 Jan 2012                By the Court

Michael S. McManus, Judge
United States Bankruptcy Court

4

**CERTIFICATE OF MAILING**

I, Susan C. Cox, in the performance of my duties as a judicial assistant to the Honorable Michael S. McManus, mailed by ordinary mail to each of the parties named below a true copy of the attached document.

Trisha Donnell
2400 Woolner Ave
Fairfield, CA 94533

Jan Johnson
PO Box 1708
Sacramento, CA 95812

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Dated: January 27, 2012

Susan C. Cox
Judicial Assistant to Judge McManus